IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CITY OF STERLING HEIGHTS
GENERAL EMPLOYEES'
RETIREMENT SYSTEM, Individually and
on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

PRUDENTIAL FINANCIAL, INC., *et al*.,

Defendants.

No. C 14-80161 WHA

**ORDER GRANTING MOTION TO QUASH**

## INTRODUCTION

In this miscellaneous action, a non-party in the underlying action moves to quash subpoenas for the production of documents and a deposition witness. For the reasons stated below, the motion is **GRANTED**.

## STATEMENT

A putative class action alleging violations of federal securities laws is currently pending before the United States District Court for the District of New Jersey. *City of Sterling Heights General Employees' Retirement System v. Prudential Financial, Inc.*, No. 12-cv-05275 (D.N.J.). According to plaintiffs (Opp. 2):

> In short, the complaint [in the underlying action] alleges that [defendant] Prudential, over decades, knowingly ignored policyholder deaths to avoid paying beneficiaries and escheating unclaimed property to the states and thereby materially misrepresented its financial condition, understating its reserves and overstating its earnings per share.

The action follows a 2011 multi-state "market conduct examination," which sought to investigate whether Prudential was in violation of state claims settlement laws (O'Connell Decl. ¶ 2). The "basis for the violation" was that "insurers were using the United States Social Security Administration Death Master File (SSA-DMF) to determine when annuitants were deceased and terminating benefits" but were not "symmetrically using the SSA-DMF to determine when life insurance policyholders had died and seeking to settle life insurance claims with the deceased policyholders' beneficiaries" (O'Connell Decl. ¶ 4). The multi-state examination was organized by the National Association of Insurance Commissioners, which is "the U.S. standard-setting and regulatory support organization created and governed by the chief insurance regulators" of the various states (O'Connell Decl. ¶ 6; Noonan Decl. ¶ 2). Pennsylvania was designated as the "managing lead state" in the multi-state examination, and was joined by California, Florida, Illinois, New Hampshire, and North Dakota (O'Connell Decl. ¶ 6).

As part of the examination, Prudential produced numerous documents to the examiners (O'Connell Decl. ¶ 7). Eventually, Prudential offered to enter into a settlement, which became effective on April 15, 2012 (O'Connell Decl. ¶ 9). Over fifty states and territories within the United States have joined the settlement, including California.

On April 3, 2014, plaintiffs served non-party California Department of Insurance ("Department") with a document subpoena, seeking discovery related to the multi-state examination (Lew Decl., Exh. B at 12). On May 6, 2014, plaintiffs served the Department with a deposition subpoena, seeking testimony by a knowledgeable person on the same matters (Lew Decl., Exh. D). In its motion to quash, the Department claims that plaintiffs are seeking the same documents and information from Prudential itself (Br. 15). In their opposition, plaintiffs notably ignore this argument (Opp. 15–16). In addition, plaintiffs are currently pursuing the same documents and information from the Pennsylvania Insurance Department, the Florida Office of Insurance Regulation, and the California Controller (Lew Decl., Exhs. E, F, G, H, I, J & K). Plaintiffs have indicated that they may seek the same discovery from the Illinois

Department of Insurance, the New Hampshire Department of Insurance, the North Dakota Insurance Department, and dozens of other state agencies (Lew Decl., Exh. L).

The Department now moves to quash the subpoenas, claiming in part that plaintiffs' discovery demands are unreasonably duplicative and overly burdensome. This order follows full briefing and oral argument.

**ANALYSIS**

Under FRCP 26(b)(2)(C)(i), a court may limit discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Such is the case here. The Department claims that *all* of the relevant documents and information it currently possesses were provided by Pennsylvania "in its role as managing lead state" (Br. 15; Reply Br. 12). Pennsylvania obtained the documents from Prudential. Accordingly, the Department argues that plaintiffs can obtain all of the documents and information at issue directly from Prudential or Pennsylvania. In their opposition, plaintiffs do not state whether they have received any relevant discovery from Prudential so far. As counsel for plaintiffs admitted at the motion hearing, the only evidence in the current record regarding plaintiffs' attempt to get discovery from Prudential is a single sentence in a declaration, stating, "[d]iscovery ensued thereafter" (Williams Decl. ¶ 4). This is insufficient. Moreover, plaintiffs do not identify in their opposition any documents or information that cannot be acquired directly from Prudential or any of the other individual defendants in the underlying action. Plaintiffs' fishing expedition of seeking duplicative documents and information from various state agencies across the country is not justified by the present record and is overly burdensome to the Department. Accordingly, the motion to quash is **GRANTED.** It is unnecessary to reach the further issues concerning confidentiality and privilege raised by the Department at this time.

**CONCLUSION**

For the reasons stated above, the motion to quash is **GRANTED**. If Judge Wigenton finds in the underlying action that plaintiffs are entitled to evidence but Prudential no longer has the evidence or stonewalls production of the evidence, then the Court may consider enforcing a fresh

3

subpoena (but will also then consider the Department's further concern about confidentiality). The Department should ensure that it keeps and maintains all documents relevant to the underlying action.

This case is over. The Clerk **SHALL CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: June 19, 2014.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE